## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS
### Springfield Division

### CIVIL ACTION NO.: 04-30190 - KPN

| | |
|---|---|
| **KENNETH KURTYKA** | ) |
| **295 Plain Road** | ) |
| **Greenfield, MA 01301** | ) |
| **Plaintiff,** | ) |
| **vs.** | ) |
| | ) |
| **SPRINGFIELD TERMINAL RAILWAY** | ) |
| **COMPANY AND** | ) |
| **BOSTON & MAINE CORPORATION** | ) |
| **Iron Horse Park** | ) |
| **North Billerica, MA** | ) |
| **Defendants.** | ) |

## DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT

1. Defendants are without sufficient information to admit or deny the truth of the allegations contained in this paragraph and call upon the plaintiff to prove the same.

2. Defendant, STR, admits that Springfield Terminal Railway Company (hereinafter "STR") is a railroad duly established under th laws of the state of Vermont and has a usual place of business at Iron Horse Park, North Billerica, MA. Defendant denies the remaining allegations contained in this paragraph.

3. Admit.

4. Denied.

5. Defendant, STR, admits that it is a railroad engaged in interstate commerce. Defendant, STR, denies the remaining allegations contained in this paragraph.

6. Defendant, B&M, denies this paragraph.

7. Denied.

8. Defendants admit that at certain times each of them employed the plaintiff. Defendants deny the remaining allegations contained in this paragraph.

9. Denied.

10. Denied.

11. Denied.

12. Denied.

13. Denied.

14. Denied.

15. Denied.

16. Denied.

**WHEREFORE**, Defendants deny the plaintiff is entitled to relief as demanded and hereby demand all costs and expenses, including attorney's fees, incurred in defending this action and any further relief the Court may deem just.

## DEFENDANTS DEMAND TRIAL BY JURY ON ALL ISSUES AND COUNTS

### AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The plaintiff's Complaint fails to state a claim upon which relief can be granted against this defendant and should therefore be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

### SECOND AFFIRMATIVE DEFENSE

The defendant states that the plaintiff's alleged damages and injuries were caused by a person or persons for whose conduct this defendant is not and was not legally responsible.

### THIRD AFFIRMATIVE DEFENSE

The defendant states that the plaintiff's alleged accident occurred in an area not under the control of this defendant.

### FOURTH AFFIRMATIVE DEFENSE

The plaintiff failed to provide this defendant with prior notice of unsafe and unsuitable tools, appliances, equipment and/or condition.

### FIFTH AFFIRMATIVE DEFENSE

The defendant states that the plaintiff's alleged damages and injuries were caused in whole or in part by the plaintiff's own negligence which was greater than any negligence on the part of this defendant, said negligence being specifically denied.

## SIXTH AFFIRMATIVE DEFENSE

If the plaintiff suffered any injury as alleged in the plaintiff's Complaint, such injury was caused by a third person over whom this defendant exercised no control, and for whom this defendant is not and was not responsible.

## SEVENTH AFFIRMATIVE DEFENSE

If the plaintiff sustained any injury as alleged in the plaintiff's Complaint, such injury was caused by the intervening and superseding acts of a third person, whose acts this defendant did not and reasonably could not foresee.

## EIGHTH AFFIRMATIVE DEFENSE

The injuries allegedly sustained by the plaintiff resulted from dangers and risks of which the plaintiff himself assumed.

## NINTH AFFIRMATIVE DEFENSE

The plaintiff's claims are barred by the applicable Statute of Limitations.

## TENTH AFFIRMATIVE DEFENSE

The defendant did not breach any implied and/or express duties owed to the plaintiff.

## ELEVENTH AFFIRMATIVE DEFENSE

The plaintiff failed to provide proper notice of his claim.

## TWELFTH AFFIRMATIVE DEFENSE

The defendant states that F. E. L. A. provides the exclusive remedy for the recovery of damages sustained by an employee as a result of an injury to said employee and does not permit or provide for the recovery of medical expenses.

## THIRTEENTH AFFIRMATIVE DEFENSE

The plaintiff's claims brought pursuant to the Federal Safety Appliance Act, 49 U.S.C. §§ 1 et seq., should be dismissed, as a matter of law, on the basis that the plaintiff's alleged injuries and damages were not due to any appliance enumerated in the statute.

## FOURTEENTH AFFIRMATIVE DEFENSE

The plaintiff's claims brought pursuant to the Boiler Inspection Act, 49 U.S.C. §§ 20701 et seq., should be dismissed, as a matter of law, on the basis that the plaintiff's alleged injuries and damages were not due to any condition involving a locomotive or tender as required under the statute.

## DEFENDANTS DEMAND TRIAL BY JURY ON ALL ISSUES AND COUNTS

The Defendants,
By their Attorney,

John J. O'Brien, Jr., Esq.
BBO# 375985
O'Brien & von Rosenvinge, P.C.
27 Mica Lane, 2nd Floor
Wellesley, MA 02481-1707
(781) 239-9988

Dated:   October 28, 2004

## CERTIFICATE OF SERVICE

I, John J. O'Brien, Jr., attorney for the defendant, STR, hereby certify that on this date I served a copy of the **DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT** by first class mail, postage prepaid, to the following counsel of record:

Thomas J. Joyce, III, Esq.
The Curtis Center, Suite 450
Independence Square West
Philadelphia, PA 19106-3323

Michael J. McDevitt, Esq.
88 Black Falcon Avenue, Suite 345
Boston, MA 02210

John J. O'Brien, Jr.

Dated:   October 28, 2004