UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
Springfield Division

CIVIL ACTION NO.: 04-30190 - KPN

| | |
|---|---|
| KENNETH KURTYKA<br>295 Plain Road<br>Greenfield, MA 01301<br>　　　　　　Plaintiff,<br>vs.<br><br>SPRINGFIELD TERMINAL RAILWAY<br>　COMPANY AND<br>BOSTON & MAINE CORPORATION<br>Iron Horse Park<br>North Billerica, MA<br>　　　　　　Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## DEFENDANTS, SPRINGFIELD TERMINAL RAILWAY COMPANY'S AND BOSTON & MAINE'S, MOTION TO DISMISS PLAINTIFF'S CLAIMS BROUGHT PURSUANT TO THE SAFETY APPLIANCE ACT AND LOCOMOTIVE BOILER ACT

NOW COME the defendants, Springfield Terminal Railway Company and Boston & Maine Corporation, and move this Honorable Court, pursuant to F.R.C.P. 12(b)(6), to dismiss the plaintiff's claims brought pursuant to the Safety Appliance Act, 29 U.S.C. §§ 1 et seq., and the Locomotive Boiler Act, 49 U.S.C. §§ 20701 et seq. As argued below, the defendants contend that, based upon the allegations contained within the plaintiff's Complaint, these statutes do not apply because no equipment or appurtenances covered under the statutes were involved in the alleged incident.

## STATEMENT OF THE CASE

The plaintiff has brought suit against the defendants alleging that "while working within the scope of his employment in and around the Maintenance Department in East Deerfield, Massachusetts area, [he] was exposed to occupational risk factors for carpal tunnel syndrome ..."

syndrome ..." The plaintiff does not allege that his injuries were due to any defect or dangerous condition in any locomotive or rail car owned and/or operated by the defendants.

The plaintiff has asserted claims against the defendants, pursuant to the Safety Appliance Act, 49 U.S.C. §§ 1 et seq., and the Locomotive Boiler Act, 49 U.S.C. §§ 20701 et seq

## LEGAL ARGUMENT

The Safety Appliance Act, 49 U.S.C. §§ 1 et seq., sets forth a specific list of equipment which a railroad must have on each type of car it operates: ladders; brakes; automatic couplers, hand holds, running boards; etc. Liability under the Safety Appliance Act requires the plaintiff to present evidence that his alleged injury was due to a defect in the equipment enumerated in the statute. To the extent that a claim is brought alleging a defect in equipment not enumerated in the Safety Appliance Act, any claim premised on the Safety Appliance Act fails, as a matter of law. Jordan v. Southern Railway Company, 970 F.2d 1350, 1354 (C.A. 4th Cir. 1992).

The Locomotive Boiler Act, 49 U.S.C. §§ 20701 et seq., provides the requirements which must be met in order for a locomotive to be used on railroad lines and imposes a duty upon rail carriers to maintain the parts and appurtenances of their locomotives in safe and proper condition. Lilly v. Grand Trunk W.R.R. Co., 317 U.S. 481, 87 L.Ed. 411, 63 S. Ct. 347 (1943). To the extent that a claim is brought alleging a defect in equipment other than a locomotive or its appurtenances, any claim premised on the Locomotive Boiler Act fails, as a matter of law. Garcia v. Burlington Northern Railroad Company, 818 F.2d 713, 720 (C.A. 10th Cir. 1987).

In the instant case, the plaintiff makes a generalized allegation that he was injured while working in the scope of his employment. The plaintiff does not allege that he was injured as a result of any defect or dangerous condition in a locomotive or rail car owned and/or operated by

the defendants. Absent evidence that the plaintiff was injured due to a defect or a dangerous condition in any locomotive or rail car, the plaintiff's claims brought pursuant to the Safety Appliance Act and/or Locomotive Boil Act, fail as a matter of law.

WHEREFORE, the defendants, Springfield Terminal Railway Company and Boston & Maine Corporation, respectfully request that this Honorable Court dismiss the plaintiff's claims alleging causes of action under the Safety Appliance Act and Locomotive Boiler Act, for failure to state a claim upon which relief can be granted, pursuant to F.R.C.P. 12(b)(6).

> By the Defendants,
> Springfield Terminal Railway Company and
> Boston & Maine Corporation,
> By their attorneys,
>
> John J. O'Brien, Jr., Esq.
> BBO # 375885
> Francis S. McGurrin
> BBO # 630847
> O'Brien & von Rosenvinge, P. C.
> 27 Mica Lane, Suite 202
> Wellesley, MA 02481
> (781) 239-9988

DATED: October 29, 2004

3

CERTIFICATE OF SERVICE

I, John J. O'Brien, Jr., attorney for the defendants in the within action, hereby certify that on the 29th day of October 2004, I served a copy of **DEFENDANTS, SPRINGFIELD TERMINAL RAILWAY COMPANY AND BOSTON & MAINE'S, MOTION TO DISMISS, PURSUANT TO F.R.C.P. 12(b)(6)**, by mailing a copy thereof, postage prepaid, to:

Thomas J. Joyce, III, Esq.
The Curtis Center, Suite 450
Independence Square West
Philadelphia, PA 19106-3323

Michael J. McDevitt, Esq.
88 Black Falcon Avenue, Suite 345
Boston, MA 02210

John J. O'Brien, Jr.