IN THE UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
Springfield Division

KENNETH KURTYKA

    Plaintiff

vs.                                Civil Action No.: 04-30190-MAP

SPRINGFIELD TERMINAL RAILWAY
COMPANY and BOSTON & MAINE
CORPORATION

    Defendants

### RULE 16(O)(3) CERTIFICATION

This is to certify that the Plaintiff, Kenneth Kurtyka, and his counsel, Thomas J. Joyce, III, Esq. and Michael McDevitt, Esq., have conferred to establish a budget for the full litigation of the above-captioned matter as well as a budget for various alternative courses. Kenneth Kurtyka and his counsel have further discussed the resolution of the litigation through the use of Alternative Dispute Resolution programs, and he needs to develop further information before he can decide whether the case is appropriate for settlement, ADR or full litigation.

                                        Respectfully submitted,

Dated: January 13, 2005

ATTORNEY FOR PLAINTIFF                  ATTORNEY FOR PLAINTIFF

Thomas J. Joyce, III, Esquire            Michael J. McDevitt, Esq.
HANNON & JOYCE                          Lawson & Weitzen
Public Ledger Building, Suite 1000     88 Black Falcon Avenue
150 S. Independence Mall West        Suite 345
Philadelphia, PA 19106                   Boston, MA 02210
215 446-4460                                   617-439-4990

PLAINTIFF

Kenneth Kurtyka

# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS
# Springfield Division

KENNETH KURTYKA

    Plaintiff

vs.                             Civil Action No.: 04-30190-MAP

SPRINGFIELD TERMINAL RAILWAY
COMPANY and BOSTON & MAINE
CORPORATION

    Defendants

## PROPOSED JOINT SCHEDULING PLAN
## PURSUANT TO RULE 16(B) AND 26(F)

1. **Statement of the Case**

This case involves a personal injury action brought pursuant to an Act of Congress known as the Federal Employer's Liability Act (FELA), 45 U.S.C., Sec. 51 et seq. Kenneth Kurtyka worked for the defendants from 1968 to 2001, as a maintenance worker.

As a result of his job duties, Plaintiff alleges he was exposed to the occupational risk factors for carpal tunnel syndrome. It is Plaintiff's claim that as a result of the Defendants' negligence, Plaintiff suffered occupational carpal tunnel syndrome.

Plaintiff also claims Defendants failed to provide Plaintiff with a safe work environment under the FELA.

The Defendants deny Plaintiff's claims and further deny that their alleged negligence was the proximate cause of Plaintiff's injuries.

2. <u>Joint Discovery Plan</u>

The attorneys for the parties have reached an agreement for a proposed Pretrial schedule as follows:

    (a)    All additional parties shall be joined by February 11, 2005.

    (b)    Amendment of pleadings shall be completed by March 11, 2005.

    (c)    Parties will exchange initial disclosures by March 11, 2005.

    (d)    All fact discovery should be completed by June 13, 2005.

    (e)    All experts who may be witnesses for the Plaintiff shall be designated no later than July 11, 2005.

    (f)    All experts who may be witnesses for the Defendants shall be designated no later than August 26, 2005.

    (g)    All expert discovery shall be completed by October 11, 2005.

    (h)    All motions for Summary Judgment to be filed by December 12, 2005.

Thomas J. Joyce, III, Hannon & Joyce, counsel for Plaintiff, Kenneth Kurtyka, and John O'Brien, Jr., Esq. of O'Brien & VonRosenvinge, counsel for Defendants, Springfield Terminal Railway Company and Boston & Maine Corporation, have conferred concerning the above discovery schedule and expenses.

Counsel for the parties have discussed informally exchanging discovery to reduce the cost of litigation to our clients and agreed to conform to the obligation to limit discovery set forth in F.R.C.P. 26(b). Discovery is expected to include all relevant information including but not limited to Plaintiff's work and

medical history as well as Defendant's safety, medical and ergonomic efforts regarding occupational hip injuries.

The parties and their respective counsel have conferred regarding settlement.

Dated: January 12, 2005

Respectfully Submitted,

ATTORNEY FOR PLAINTIFF

Thomas J. Joyce, III, Esq.
HANNON & JOYCE
Public Ledger Building, Suite 1000
150 S. Independence Mall West
Philadelphia, PA 19106
215-446-4460

ATTORNEY FOR DEFENDANTS

John J. O'Brien, Jr., Esq.
O'Brien & VonRosenvinge
27 Mica Lane, Suite 202
Wellesley, MA 02481
(781) 239-9988

Michael J. McDevitt, Esquire
Lawson & Weitzen
88 Black Falcon Avenue, Suite 345
Boston, MA 02210
617-439-4990
Local Counsel for Plaintiff

# IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS
### Springfield Division

KENNETH KURTYKA

    Plaintiff

vs.                              Civil Action No.: 04-30190-MAP

SPRINGFIELD TERMINAL RAILWAY
COMPANY and BOSTON & MAINE
CORPORATION

    Defendants

## REPORT OF PARTIES' PLANNING CONFERENCE

Pursuant to this Court's Order, Thomas J. Joyce, III, representing Plaintiff, and John J. O'Brien, Jr., representing the Defendants, conferred on January 12, 2005 pursuant to Rule 26(f) to discuss:

(1) the nature and basis of their claims and defenses;

(2) the possibility for a prompt settlement or resolution of this case;

(3) to make or arrange for the disclosures required under Rule 26(a)(1); and

(4) to develop a discovery plan.

To that end, the parties propose the following:

A. The issues in this case may be simplified by taking the following steps:

1. The parties will exchange written Interrogatories and Request for production of Documents;

2. Defendants will take Plaintiff's discovery deposition;

3. Plaintiff will be made available for defense medical examination;

4. Plaintiff will take the discovery deposition of Defendants' Safety Director.

B. The following modifications to the discovery requirements of the Federal Rules of Civil Procedure or Local Rules should be made in order to expedite discovery:

1. None

C. Discovery will be needed on the following subjects:

1. Plaintiff's work history;
2. Plaintiff's medical history;
3. Plaintiff's exposure to risk factors for occupational carpal tunnel syndrome;
4. Causation; and
6. Plaintiff's economic and non-economic damages

D. Discovery should be conducted in phases.

E. Discovery is not likely to be contentious and management of discovery should be referred to the Magistrate Judge. YES _X_ NO ____

F. The parties do not consent to this matter being referred to the Magistrate Judge for final disposition.

G. The parties have discussed the possibility of alternative dispute resolution and this case would be appropriate for mediation.

H. The parties have discussed a prompt settlement or other resolution of this matter. The Plaintiff has made a written demand of $100,000.00, and the Defendant has offered $0.

I. The Court should consider the following methods of expediting the resolution of this matter by having a settlement conference after the completion of fact discovery.

Dated: January 12, 2005

ATTORNEY FOR PLAINTIFF

Thomas J. Joyce, III, Esquire
HANNON & JOYCE
Public Ledger Building, Suite 1000
150 S. Independence Mall West
Philadelphia, PA 19106
215 446-4460

Michael J. McDevitt, Esquire
Lawson & Weitzen
88 Black Falcon Avenue, Suite 345
Boston, MA 02210
617-439-4990
Local Counsel for Plaintiff

ATTORNEY FOR DEFENDANTS

John J. O'Brien, Jr., Esq.
O'Brien & VonRosenvinge, P.C.
27 Mica Lane, Suite 202
Wellesley, MA 02481
(781) 239-9988